# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

## NO. 2021 CA 1291

## FOLSOM CAMP SITES, L.L.C.

### VERSUS

## DAWN G. CHIASSON

Judgment Rendered: **JUL 1 4 2022**

\* \* \* \* \*

ON APPEAL FROM THE TWENTY-SECOND JUDICIAL DISTRICT
COURT
IN AND FOR THE PARISH OF WASHINGTON
STATE OF LOUISIANA
DOCKET NUMBER 108672

HONORABLE AUGUST J. HAND, JUDGE PRESIDING

\* \* \* \* \*

Richard A. Richardson
Covington, Louisiana

Attorney for Plaintiff-Appellee
Folsom Camp Sites, L.L.C.


Alex J. Peragine
Christina Falco Baldwin
Covington, Louisiana

Attorneys for Defendant-Appellant,
Dawn G. Chiasson

\* \* \* \* \*

BEFORE: McDONALD, LANIER, AND WOLFE, JJ.

**McDONALD, J.**

This case concerns an action to annul a tax sale. The district court granted summary judgment in favor of the plaintiff, and denied a cross motion for summary judgment in favor of the tax-sale purchaser. The tax-sale purchaser appealed that judgment. After review, we affirm.

## FACTS AND PROCEDURAL HISTORY

On October 2, 2015, the plaintiff, Folsom Camp Sites, L.L.C. (FCS) filed an Action to Annul Tax Sale, naming Dawn G. Chiasson as defendant. FCS alleged that it was the owner of certain immovable property in Washington Parish that Ms. Chiasson purportedly acquired in June 2011 as the result of a tax sale for unpaid ad valorem taxes for the 2010 tax year. FCS asserted that it was not given proper pre-sale or post-sale notice of the tax sale, and it requested judgment annulling the tax sale.

Ms. Chiasson filed an answer and a reconventional demand, seeking to quiet the tax title, dismiss the suit, and recognize her full ownership of the property. Subsequently, Ms. Chiasson filed a motion for summary judgment, asserting in part that she sent a written post-tax sale notice to FCS through its registered agent, and therefore, FCS was duly notified according to law. FCS then filed its own motion for summary judgment, arguing that the tax sale was a redemption nullity, or an absolute nullity. The cross-motions for summary judgment were heard by the district court on May 3, 2019, and the matter was taken under advisement.

Thereafter, the district court granted FCS's motion for summary judgment, denied Ms. Chiasson's summary judgment, declared the tax sale an absolute nullity, and decreed that FCS could pay Ms. Chiasson $8,500.00 and redeem the property from her. Ms. Chiasson appealed that judgment.[1]

---

[1] In **Folsom Camp Sites, L.L.C. v. Chiasson**, 2020-0495 (La. App. 1 Cir. 2/19/21), 320 So.3d 430, 433, a different panel of this court dismissed the appeal taken from the original judgment in this case as that

2

On appeal, Ms. Chiasson maintains that the district court erred in finding that FCS did not receive her post-tax sale notice, finding that she did not send a legally sufficient post-sale notice to FCS, finding that FCS was not notified in accordance with La. R.S. 47:2122(4), determining the tax sale was an absolute nullity, and in granting FCS's motion for summary judgment. Ms. Chiasson asks that the district court's judgment be reversed and that judgment be entered adjudicating her full ownership rights in the property.

## STANDARD OF REVIEW

Appellate courts review the grant or denial of summary judgment *de novo* under the same criteria governing the trial court's consideration of whether summary judgment is appropriate. **Jefferson v. Nichols State Univ.**, 2019-1137 (La. App. 1 Cir. 5/11/20), 311 So.3d 1083, 1085, writ denied, 2020-00779 (La. 11/4/20), 303 So.3d 623. A court shall grant summary judgment if the pleadings, memorandum, and admissible supporting documents show there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. See La. C.C.P. art. 966A(3) and (4); **Jefferson**, 311 So.3d at 1085.

The summary judgment movant maintains the burden of proof. La. C.C.P. art. 966D(1). Nevertheless, if the movant will not bear the burden of proof at trial on the issue before the court on the motion, his burden is satisfied by pointing out an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, the adverse party must produce factual support sufficient to establish he will be able to satisfy his evidentiary burden of proof at trial. If the adverse party fails to meet this burden, there is no genuine issue of material fact, and, if appropriate, the court shall render summary judgment against him. La. C.C.P. arts. 966D(1) and 967B. Because it is the applicable substantive law

---

judgment was not final and appealable. Thereafter, on April 7, 2021, the district court signed the amended judgment that is at issue in this appeal.

3

that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. **Jefferson**, 311 So.3d at 1085.

## DISCUSSION

Prior to the 2008 revision of Title 47, Louisiana law was well-settled that a property owner must be given pre-sale notice that was reasonably calculated to apprise him of a pending tax sale. Absent such notice, the sale violated due process and was an absolute nullity. **Alpha Capital US Bank v. White**, 2018-0827 (La. App. 1 Cir. 12/21/18), 268 So.3d 1124, 1129, writ denied, 2019-0135 (La. 3/18/19), 267 So.3d 89 (citing **Lewis v. Succession of Johnson**, 2005-1192 (La. 4/4/06), 925 So.2d 1172 and **Mennonite Board of Missions v. Adams,** 462 U.S. 791, 103 S.Ct. 2706, 2712, 77 L.Ed.2d 180 (1983)). After the 2008 revision, tax sales may no longer be attacked as absolute nullities. Instead, there are three statutorily enumerated challenges which, if proven, will nullify a tax sale certificate - a payment nullity, a redemption nullity, or a nullity under La. R.S. 47:2162. **Alpha Capital US Bank,** 268 So.3d at 1129; see also La. R.S. 47:2286.

In this case, a redemption nullity is the only challenge that could be applicable. A redemption nullity is the right of a person to annul a tax sale in accordance with La. R.S. 47:2286 because he was not duly notified at least six months before the termination of the redemptive period. La. R.S. 47:2122(10).

Louisiana Revised Statutes 47:2122 further provides as follows:

(4) "Duly notified" means, with respect to a particular person, that an effort meeting the requirements of due process of law has been made to identify and to provide that person with a notice that meets the requirements of R.S. 47:2156, 2157, 2206, 2236, or 2275, or with service of a petition and citation in accordance with R.S. 47:2266, regardless of any of the following:

(a) Whether the effort resulted in actual notice to the person.

(b) Whether the one who made the effort was a public official or a private party.

4

(c) When, after the tax sale, the effort was made.

The applicable redemptive period is provided in La. Const. art. VII, § 25B(1), which provides that the property sold "shall be redeemable for three years after the date of recordation of the tax sale, by paying the price given, including costs, five percent penalty thereon, and interest at the rate of one percent per month until redemption."

A tax deed by a tax collector shall be prima facie evidence that a valid sale was made. La. Const. art. VII, § 25A(1). A tax sale is presumed to be valid. **LPR, L.L.C. v. Naquin**, 2020-0847 (La. App. 1 Cir. 2/19/21), 319 So.3d 369, 376-377.

In its reasons for judgment the district court stated in part:

> The Court finds that the post-tax sale notice Chiasson provided was not sufficient under the statutory scheme, notably La. R.S. 47:2156A. Although there was argument regarding the timeliness of the notice, the Court finds that, regardless of the notice's timeliness, the notice was procedurally deficient in that the property owner/tax debtor was not named, the agent to whom the notice was sent was not informed that he was being notified *in his capacity as agent of another*, and the notice was not sent to either of the addresses shown by the conveyance office records. The Court finds that [FCS] was not duly notified in accordance with La. R.S. 47:2122(4) and that the effort to provide post-tax sale notice failed to meet the requirements of due process of law.

The pre-tax sale notice sent by the Washington Parish Sheriff was sent to an incorrect address. The notice was sent to 4162 Mocking Bird Lane, Franklinton, Louisiana, 70438. The correct address for the property is 41621 Mockingbird Hill Road, Franklinton, Louisiana, 70438. Thus, FCS did not receive a pre-tax sale notice from the Washington Parish Sheriff.

The Washington Parish Tax Collector advertised the sale of the property in *The Era Leader* on May 11, 2011, and June 8, 2011. On June 15, 2011, the Washington Parish Sheriff sold Ms. Chiasson the tax title to the property. On July 15, 2011, the Washington Parish Tax Collector sent post-tax sale notice to FCS at

5

the same incorrect address as before. Thus, FCS did not receive a post-tax sale notice from the Washington Parish Sheriff.

Ms. Chiasson contends that she cured the defective notice from the Washington Parish Sheriff by sending her own post-tax sale notice, relying upon La. R.S. 47:2156. Ms. Chiasson researched FCS on the Louisiana Secretary of State's website, and on December 4, 2013, Ms. Chiasson sent her post-tax sale notice to Gerard J. Bourgeois, FCS's registered agent for service.

Louisiana Revised Statutes 47:2156 provides in part:

A. Within the applicable redemptive period, the tax sale purchaser may send a written notice to any or all tax sale parties notifying the parties of the sale. The notice shall provide full and accurate information necessary to contact the tax sale purchaser, including the name, physical address, and telephone number of the purchaser. It shall be accompanied by a copy of the tax sale certificate received by the tax sale purchaser under the provisions of this Part and copies of the documents that the purchaser received with that sale. The notice shall inform the tax sale parties that the failure to redeem the property prior to the expiration of the applicable redemptive period will terminate the right to redeem the property, and the purchaser will have the right to seek confirmation of the tax title and take actual possession of the property. The notice shall be sufficient if it is in the form set forth in Subsection B of this Section.

. . . . .

(2) The notice shall specify the property upon which the taxes are delinquent, the amount of taxes due, and the manner in which the property shall be redeemed and shall be sufficient if in the following form:

"[Date]

[Name Tax Debtor]
RE:
Property No. _____
Ward ___ Section No. ____ Assessment No. _____
Subd. _____ Lot _____

Dear Sir/Madam,

This is an important notice. Please read it carefully. We are writing to inform you that the property taxes for the above noted property were not paid, and tax sale title to the property was sold to a tax sale purchaser for delinquent taxes for the year(s) _____. You may redeem this property within three years [or other applicable redemptive

6

period] from _____ by paying to the [name of tax collector] the following amount due stated in or enclosed with this document. The redemptive period will expire _____. Under some circumstances, the third party buyer may be entitled to take actual possession and full ownership of the property after this time.

After the expiration of the redemptive period the property cannot be redeemed. Continued possession of the property does not extend the redemptive period.

Please contact the [name of tax collector]if you believe that you received this notice in error, have sold or transferred this property, or for further information and assistance.

[Tax collectors or name of political subdivision/ name of tax sale purchasers]

This notice concerns only the property described in the "regarding" portion of this letter; the address of that property may or may not be the same as the mailing address of this notice. Please contact our office if you feel that you received this notice in error. The taxes are now assessed in the name of the tax sale purchaser, but will continue to be due as in the past.

[Enclose or list the amount of statutory impositions due]"

FCS maintains that Ms. Chiasson did not comply with La. R.S. 47:2156 because she should have conducted a title search to find the correct address of FCS as well as the property address, she failed to identify the owner of the property in the notice she sent, and because the notice did not include any language indicating that she was sending the notice to Mr. Bourgeois as the agent or representative of FCS.

Ms. Chiasson's notice is shown below.

Dawn G. Chiasson
26466 April Lane
Ponchatoula, LA 70454
985-264-8141

December 4, 2013

Gerard J. Bourgeois
855 Walker Street
New Orleans, LA 70124

RE:     Parcel No. 0100024130
        44.75 Acres located in Section 16-4-10
        Parish of Washington, State of Louisiana

Dear Sir/Madam,

This is an important notice. Please read it carefully. We are writing to inform you that the property taxes for the above noted property were not paid, and tax sale title to the property was sold to a tax sale purchaser for delinquent taxes for the year(s) 2010. You may redeem this property within three years [or other applicable redemptive period] from Dawn G. Chiasson by paying to the Washington Parish Tax Collector the following amount due stated in or enclosed with this document. The redemptive period will expire July 1, 2014. Under some circumstances, the third party buyer may be entitled to take actual possession and full ownership of the property after this time.

After the expiration of the redemptive period the property cannot be redeemed. Continued possession of the property does not extend the redemptive period.

Please contact the Washington Parish Tax Collector if you believe that you received this notice in error, have sold or transferred this property, or for further information and assistance.

Tax collectors name:         Bobby Crowe
Political Subdivision:         Washington Parish
Name of Tax Sale Purchaser: Dawn G. Chiasson

This notice concerns only the property described in the "regarding" portion of this letter; the address of that property may or may not be the same as the mailing address of this notice. Please contact our office if you feel that you received this notice in error. The taxes are now assessed in the name of the tax sale purchaser, but will continue to be due as in the past.



**EXHIBIT**

E

0480

8

List of statutory impositions due:

1. 2010 Property Taxes     $516.25 (plus 17% interest)
2. 2011 Property Taxes     $433.23 (plus 17% interest)
3. 2012 Property Taxes     $468.64 (plus 17% interest)
4. 2013 Property Taxes     $426.11 (plus 17% interest)

0481

9

The tax debtor is "the person listed on the tax roll in accordance with R.S. 47:2126." La. R.S. 47:2122(15). FCS is the tax debtor. Rather than naming FCS, Ms. Chiasson's post-tax sale notice named Mr. Bourgeois, an agent for FCS. Ms. Chiasson's post-tax sale notice did not put Mr. Bourgeois on notice that he was being notified as the agent for FCS, and there is no reference to FCS in the letter.

Louisiana Revised Statute 47:2156 requires that post-tax sale notice be sent to "tax sale parties." A "[t]ax sale party" is defined as "the owner of property . . . . as shown in the conveyance records of the appropriate parish[.]" La. R.S. 47:2122(19). The cash sale to FCS shows a mailing address of 2230 8th Street, Mandeville, LA, 70471, and the municipal address of the property is 41621 Mockingbird Hill Road, Franklinton, LA, 70438. The notice was not sent to either of those addresses.

Ms. Chiasson contends that her notice to Mr. Bourgeois was sufficient based upon **Board of Com'rs for Sunset Drainage Dist. of St. Charles Parish v. Rivet**, 2005-0441 (La. App. 5 Cir. 1/17/06), 921 So.2d 1046. That case involved a 1921 tax sale of property known as Lot 761 in St. Charles Parish. The Board acquired the property by an August 27, 1921 tax sale. The Board filed a Petition to be Maintained in Possession, naming Rivet and others as defendants, and asking to be named the legal owner of the property based on the tax sale. The defendants answered and filed reconventional demands, asking that the tax sale be declared an absolute nullity. After a trial, the trial court ruled in favor of the plaintiff. Defendants appealed, maintaining that the tax sale was an absolute nullity due to lack of notice. **Board of Com'rs for Sunset Drainage Dist. of St. Charles Parish**, 921 So.2d at 1047. In 1919 the assessment roll for St. Charles Parish indicated that Legasse Zaphire[2] (Lagasse) was assessed taxes for the property. A notation indicated the taxes were

---

[2] Legasse was spelled Lagasse elsewhere in the record. **Board of Com'rs for Sunset Drainage Dist. of St. Charles Parish**, 921 So.2d at 1047, n.2.

not paid. Lagasse sold the property to Alluvial Land Purchase Company, Inc., in 1919, and the sale stated that Alluvial assumed payment for all past due taxes and specifically all taxes for the year 1919. Alluvial was represented by E.P. Brady, its president, in the acquisition deed. The 1920 assessment roll for St. Charles Parish assessed the property to Mr. Brady personally. **Board of Com'rs for Sunset Drainage Dist. of St. Charles Parish**, 921 So.2d at 1048. The property was never assessed in the name of Alluvial. On appeal, the Fifth Circuit noted that there was no evidence that Alluvial ever attacked the tax sale. Seventy-eight years after the sale, Huey J. Rivet obtained a quitclaim deed for "all of the right, title and interest which Alluvial . . . . may have in and to" the property and the challenge to the tax sale followed. **Board of Com'rs for Sunset Drainage Dist. of St. Charles Parish**, 921 So.2d at 1049. The Fifth Circuit determined that since Mr. Brady was the agent for service of process for Alluvial, the notice to Mr. Brady was sufficient notice to Alluvial, and affirmed the trial court. **Board of Com'rs for Sunset Drainage Dist. of St. Charles Parish**, 921 So.2d at 1050. That case is distinguishable from the present case because the property was never assessed in Alluvial's name, and Alluvial did not contest the tax sale.

Ms. Chiasson also cites **Stow-Serge v. Side by Side Redevelopment, Inc.**, 2020-0015 (La. App. 4 Cir. 6/10/20), 302 So.3d 71, writ denied, 2020-00870 (La. 10/14/20), 302 So.3d 1120, in support of her argument that sufficient post-tax sale notice was given pursuant to La. R.S. 47:2156. In **Stow-Serge**, there was a dispute between two tax sale purchasers over ownership of immovable property at 2320 Delachaise Street in New Orleans. **Stow-Serge**, 302 So. 3d at 73. Mr. Stow-Serge, the most recent tax title purchaser, filed a motion for partial summary judgment seeking in part to quiet title and be declared the 100 percent owner of the property. After a hearing, the trial court granted the partial summary judgment in favor of Mr. Stow-Serge as to ownership of the property. **Stow-Serge**, 302 So.3d at 75. The

11

possessor of the property, Side by Side Redevelopment, Inc. (SBS), appealed the judgment. **Stow-Serge**, 302 So.3d at 73.

Archon Information Systems, L.L.C. (Archon) conducted the tax sale on behalf of the City of New Orleans and was responsible for notifying the interested parties. Archon sent a post-tax sale notice to "Side by Side Redevelopment, Inc. C/O William W. Alden." **Stow-Serge**, 302 So. 3d at 77. The Fourth Circuit found that the post-tax sale notice was sufficient. **Stow-Serge**, 302 So.3d at 78. **Stow-Serge** is distinguishable from the facts of this case, as the post-tax sale notice in that case was sent to the tax debtor, SBS, in care of the agent for service of process, William W. Alden.

In this case, as the post-tax sale notice mailed by Ms. Chiasson was not sent to FCS, was not sent to Mr. Bourgeois as the agent for FCS, and was not sent to either of the addresses for FCS shown in the conveyance records, we find that the post-sale notice was not sufficient to meet the requirements of La. R.S. 47:2156, and thus, we find that the tax sale was a redemptive nullity. Thus, the district court properly granted FCS's motion for summary judgment.

## DECREE

For the foregoing reasons, the amended the district court judgment, dated April 7, 2021, is affirmed. Costs of this appeal are assessed against Dawn G. Chiasson.

**AFFIRMED.**

12